**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GLENN and PATRICIA THORPE, H/W | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| BOLLINGER SPORTS, LLC | : | |
| and | : | |
| MODELL'S SPORTING GOODS, INC. | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

**CIVIL ACTION COMPLAINT**

**I.   PRELIMINARY STATEMENT**

1.     This is a claim against the Defendants, Bollinger Sports, LLC and Modell's Sporting Goods, Inc., for personal injuries caused to Plaintiff, Glenn Thorpe, by the negligent acts and/or omissions of the Defendants and their respective agents, servants, employees, workmen and/or representatives, as well as under theories of strict liability and breach of warranty resulting from Plaintiff's use of Defendants' product.   Plaintiff Patricia Thorpe also brings loss of consortium claims against the Defendants.

**II.   PARTIES**

2.     Plaintiffs, Glenn and Patricia Thorpe, H/W, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 383 Twining Ford Road, Richboro, PA 18954.

3.     Defendant, Bollinger Sports, LLC, was and is now a business entity, believed to be a limited liability company, with a corporate headquarters located at 602 Fountain Parkway, Grand Prairie, TX 75050.

1

4.      Defendant, Modell's Sporting Goods, Inc., was and is now a business entity, believed to be a corporation, with a corporate headquarters located at 498 Seventh Avenue, 20th Floor, New York, NY 10018.

5.      At all times relevant hereto, the Defendants acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendants.

## III.   JURISDICTION AND VENUE

6.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

7.      The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts or omissions giving rise to the within claims occurred within the district.

## IV.   STATEMENT OF CLAIMS

9.      At all times relevant hereto, Defendants, Bollinger Sports, LLC and Modell's Sporting Goods, Inc. were regularly engaged in the business of designing, distributing, assembling, installing, marketing, manufacturing, maintaining and/or selling classic resistance bands with padded grips, and the component parts thereto, including the subject classic resistance band with padded grips, item #5775.

10.     At all times prior to January 9, 2014, the Defendants either directly or indirectly, through their predecessors-in-interest, subsidiaries and/or successors-in-interest designed,

manufactured, assembled, maintained, installed, provided safety recommendations and/or sold the subject classic resistance band with padded grips and its component parts.

**COUNT I**
**GLENN THORPE v. BOLLINGER SPORTS, LLC**
**NEGLIGENCE**

11.    Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) of this complaint as if the same had been fully set forth at length.

12.    On or about January 9, 2014, Defendant, Bollinger Sports, LLC, by and through its agents, servants, workmen, employees and/or other representatives, acting in the course and scope of their employment with the said Defendant, operated, controlled, owned, leased, installed, distributed, manufactured and/or maintained the classic resistance band with padded grips.

13.    On or about January 9, 2014, and for a long time prior thereto, it was the duty of the Defendant, Bollinger Sports, LLC, through its agents, servants, workmen and/or other employees, to manufacture and sell the subject classic resistance band with padded grips in a reasonably safe condition for ultimate users of said product such as the Plaintiff, Glenn Thorpe.

14.    On or about January 9, 2014, Plaintiff, Glenn Thorpe, was using the aforementioned product at his residence when, suddenly and without warning, and as a result of a defective and/or dangerous condition of the classic resistance band with padded grips, a component part of the product became dislodged and struck the Plaintiff in the eye, causing him to sustain severe and permanent bodily injuries, scarring and losses hereinafter more fully set forth.

15.     The failure of the classic resistance band with padded grips was caused by the defective nature of the manufacturing, assembling and/or design of the subject product and its component parts.

16.     The Defendant was negligent in failing to provide a safe product in the following respects:

a)   carelessly and negligently distributing, supplying, installing, designing, manufacturing and selling the subject classic resistance band with padded grips in a dangerous condition so as to cause injury to the Plaintiff;

b)   carelessly and negligently failing to implement a safe inspection system to prevent the classic resistance band with padded grips from causing injury to users such as the Plaintiff;

c)   carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

d)   failing to exercise the requisite degree of care and caution in maintenance, distribution, manufacture, assembling, design, supply and sale of the said classic resistance band with padded grips;

e)   failure to insure that the classic resistance band with padded grips could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

f)   failing to warn of the dangers of the subject product;

g)   failing to use due care and caution under the circumstances; and

h)   such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

17.    As a result of the aforesaid negligence of the Defendant, Plaintiff, Glenn Thorpe, suffered severe injuries, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.  He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great loss and detriment.

18.    As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

19.    As a further result of the aforesaid accident, the Plaintiff, Glenn Thorpe, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

20.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

21.    As a further result of this accident Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

22.     As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

23.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Bollinger Sports, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT II**
**GLENN THORPE, v. BOLLINGER SPORTS, LLC**
**STRICT LIABILITY SECTION 402(A)**

24.     Plaintiff incorporates herein by reference paragraphs one (1) through twenty-three (23) of this Complaint as if the same were set forth herein at length.

25.     Defendant, as manufacturer, distributor, and supplier of the classic resistance band with padded grips, placed such product into the stream of commerce in a defective condition in violation of § 402A of the Restatement (Second) of Torts, as more fully set forth herein.

26.     The product designed, distributed and marketed by Defendant was unreasonably dangerous, as more fully set forth in the above paragraphs, and was distributed and marketed with improper instructions on its use and without proper instructions and/or warnings as to risk of user injury.

6

27.     The injuries, damages and losses sustained by Plaintiff were caused or increased in severity as a result of Defendant's violation of § 402A of the Restatement (Second) of Torts, as adopted in this Commonwealth.

28.     As a direct and proximate result of Defendant's violation of § 402A, Plaintiff was placed at an increased risk.

29.     The classic resistance band with padded grips was distributed and sold in a defective condition in violation of the Restatement (Second) of Torts § 402(A).

30.     The defects of the classic resistance band with padded grips were a cause of Glenn Thorpe's injuries.

31.     As a result of the aforementioned, the Plaintiff, Glenn Thorpe, suffered injuries to, in and about his body, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair.

32.     Plaintiff will require future medical care for an indefinite time in the future.

33.     As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish, loss of life's pleasures, embarrassment and humiliation, and disfigurement, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

34.     As a result of the aforesaid accident, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

7

35.     As a result of the aforesaid accident, Plaintiff suffered a loss and depreciation of his earnings and earning potential and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss.

36.     As a result of the aforesaid accident, Plaintiff Glenn Thorpe has been compelled to spend various and diverse sums of money for medicine and medical care and treatment in and about an effort to cure himself of the ills and injuries which he has sustained, and he will continue to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Bollinger Sports, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT III
### GLENN THORPE v. BOLLINGER SPORTS, LLC
### STRICT LIABILITY SECTION 402(B)

37.     Plaintiff incorporates herein by reference paragraphs one (1) through thirty-six (36) of this Complaint as if the same were set forth herein at length.

38.     Defendant represented to users that the classic resistance band with padded grips was safe for use and did not disclose and/or actively concealed that the aforesaid product was unsafe for use due to risk of injury.

39.     Defendant failed to conduct a reasonable investigation into the truth or falsity of its representations regarding product safety and/or performance, and misled consumers regarding the nature of such investigation into product safety and performance.

40.     Defendant's representations, including representations concerning product safety and/or performance, product character and quality, and operator safety, were material to Plaintiff's use of the aforementioned product.  Such representations were made falsely, and/or in violation of § 402B of the Restatement (Second) of Torts, and/or with recklessness and/or negligence as to whether such statements were true or false.

41.     Defendant's above-described representations were meant to induce consumers into using its aforesaid product, and consumers such as the Plaintiff justifiably relied upon the representations of Defendant.

42.     Defendant's conduct was the proximate cause of Plaintiff's injuries and/or increased the risk and severity of those injuries.

43.     The injuries, damages and losses sustained by Plaintiffs were caused, or increased in severity, as a result of Defendant's intentional, reckless and/or negligent misrepresentation and/or its violation of § 402B of the Restatement (Second) of Torts, as adopted in this Commonwealth.

44.     Defendant designed, manufactured, distributed and sold its classic resistance band with padded grips with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

45.     The defective warnings and instructions caused Glenn Thorpe's injuries.

46.     As a result of the aforementioned, the Plaintiff, Glenn Thorpe, suffered injuries to, in and about his body, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair.

9

47.     Plaintiff will require future medical care for an indefinite time in the future.

48.     As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish, loss of life's pleasures, embarrassment and humiliation, and disfigurement, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

49.     As a result of the aforesaid accident, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

50.     As a result of the aforesaid accident, Plaintiff suffered a loss and depreciation of his earnings and earning potential and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss.

51.     As a result of the aforesaid accident, Plaintiff Glenn Thorpe has been compelled to spend various and diverse sums of money for medicine and medical care and treatment in and about an effort to cure himself of the ills and injuries which he has sustained, and he will continue to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Bollinger Sports, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT IV**
**GLENN THORPE v. BOLLINGER SPORTS, LLC**
**BREACH OF WARRANTY**

52.     Plaintiff incorporates herein by reference paragraphs one (1) through fifty-one (51) of this Complaint as if the same were set forth herein at length.

53.     Defendant, by reason of its above-described conduct, breached express and/or implied warranties, and is liable to Plaintiff for the injuries and/or damages sustained.

54.     As a direct and proximate result of Defendant's above-described breaches of express and/or implied warranties, Plaintiff was placed at an increased risk of sustaining serious and permanent injuries.

55.     As a result of the aforementioned, the Plaintiff, Glenn Thorpe, suffered injuries to, in and about his body, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair.

56.     Plaintiff will require future medical care for an indefinite time in the future.

57.     As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish, loss of life's pleasures, embarrassment and humiliation, and disfigurement, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

58.     As a result of the aforesaid accident, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

59.     As a result of the aforesaid accident, Plaintiff suffered a loss and depreciation of his earnings and earning potential and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss.

60.     As a result of the aforesaid accident, Plaintiff Glenn Thorpe has been compelled to spend various and diverse sums of money for medicine and medical care and treatment in and about an effort to cure himself of the ills and injuries which he has sustained, and he will continue to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Bollinger Sports, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT V
### GLENN THORPE v. MODELL'S SPORTING GOODS, INC.
### NEGLIGENCE

61.     Plaintiff hereby incorporates by reference paragraphs one (1) through sixty (60) of this complaint as if the same had been fully set forth at length.

62.     On or about January 9, 2014, Defendant, Modell's Sporting Goods, Inc., by and through its agents, servants, workmen, employees and/or other representatives, acting in the course and scope of their employment with the said Defendant, operated, controlled, owned, leased, installed, distributed, manufactured and/or maintained the classic resistance band with padded grips.

63.     On or about January 9, 2014, and for a long time prior thereto, it was the duty of the Defendant, Modell's Sporting Goods, Inc., through its agents, servants, workmen and/or other employees, to manufacture and sell the subject classic resistance band with padded grips in a reasonably safe condition for ultimate users of said product such as the Plaintiff, Glenn Thorpe.

12

64.     On or about January 9, 2014, Plaintiff, Glenn Thorpe, was using the aforementioned product at his residence when, suddenly and without warning, and as a result of a defective and/or dangerous condition of the classic resistance band with padded grips, a component part of the product became dislodged and struck the Plaintiff in the eye, causing him to sustain severe and permanent bodily injuries, scarring and losses hereinafter more fully set forth.

65.     The failure of the classic resistance band with padded grips was caused by the defective nature of the manufacturing, assembling and/or design of the subject product and its component parts.

66.     The Defendant was negligent in failing to provide a safe product in the following respects:

a)   carelessly and negligently distributing, supplying, installing, designing, manufacturing and selling the subject classic resistance band with padded grips in a dangerous condition so as to cause injury to the Plaintiff;

b)   carelessly and negligently failing to implement a safe inspection system to prevent the classic resistance band with padded grips from causing injury to users such as the Plaintiff;

c)   carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

d)   failing to exercise the requisite degree of care and caution in maintenance, distribution, manufacture, assembling, design, supply and sale of the said classic resistance band with padded grips;

e)   failure to insure that the classic resistance band with padded grips could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

f)   failing to warn of the dangers of the subject product;

g)   failing to use due care and caution under the circumstances; and

h)   such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

67.   As a result of the aforesaid negligence of the Defendant, Plaintiff, Glenn Thorpe, suffered severe injuries, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.  He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great loss and detriment.

68.   As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

69.     As a further result of the aforesaid accident, the Plaintiff, Glenn Thorpe, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

70.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

71.     As a further result of this accident Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

72.     As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

73.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Modell's Sporting Goods, Inc., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT VI
## GLENN THORPE, v. MODELL'S SPORTING GOODS, INC.
## STRICT LIABILITY SECTION 402(A)

74.     Plaintiff incorporates herein by reference paragraphs one (1) through seventy-three (73) of this Complaint as if the same were set forth herein at length.

75.     Defendant, as manufacturer, distributor, and supplier of the classic resistance band with padded grips, placed such product into the stream of commerce in a defective condition in violation of § 402A of the Restatement (Second) of Torts, as more fully set forth herein.

76.     The product designed, distributed and marketed by Defendant was unreasonably dangerous, as more fully set forth in the above paragraphs, and was distributed and marketed with improper instructions on its use and without proper instructions and/or warnings as to risk of user injury.

77.     The injuries, damages and losses sustained by Plaintiff were caused or increased in severity as a result of Defendant's violation of § 402A of the Restatement (Second) of Torts, as adopted in this Commonwealth.

78.     As a direct and proximate result of Defendant's violation of § 402A, Plaintiff was placed at an increased risk.

79.     The classic resistance band with padded grips was distributed and sold in a defective condition in violation of the Restatement (Second) of Torts § 402(A).

80.     The defects of the classic resistance band with padded grips were a cause of Glenn Thorpe's injuries.

81.     As a result of the aforementioned, the Plaintiff, Glenn Thorpe, suffered injuries to, in and about his body, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair.

16

82.     Plaintiff will require future medical care for an indefinite time in the future.

83.     As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish, loss of life's pleasures, embarrassment and humiliation, and disfigurement, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

84.     As a result of the aforesaid accident, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

85.     As a result of the aforesaid accident, Plaintiff suffered a loss and depreciation of his earnings and earning potential and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss.

86.     As a result of the aforesaid accident, Plaintiff Glenn Thorpe has been compelled to spend various and diverse sums of money for medicine and medical care and treatment in and about an effort to cure himself of the ills and injuries which he has sustained, and he will continue to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Modell's Sporting Goods, Inc., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT VII**
**GLENN THORPE v. MODELL'S SPORTING GOODS, INC.**
**STRICT LIABILITY SECTION 402(B)**

17

87.     Plaintiff incorporates herein by reference paragraphs one (1) through eighty-six (86) of this Complaint as if the same were set forth herein at length.

88.     Defendant represented to users that the classic resistance band with padded grips was safe for use and did not disclose and/or actively concealed that the aforesaid product was unsafe for use due to risk of injury.

89.     Defendant failed to conduct a reasonable investigation into the truth or falsity of its representations regarding product safety and/or performance, and misled consumers regarding the nature of such investigation into product safety and performance.

90.     Defendant's representations, including representations concerning product safety and/or performance, product character and quality, and operator safety, were material to Plaintiff's use of the aforementioned product.  Such representations were made falsely, and/or in violation of § 402B of the Restatement (Second) of Torts, and/or with recklessness and/or negligence as to whether such statements were true or false.

91.     Defendant's above-described representations were meant to induce consumers into using its aforesaid product, and consumers such as the Plaintiff justifiably relied upon the representations of Defendant.

92.     Defendant's conduct was the proximate cause of Plaintiff's injuries and/or increased the risk and severity of those injuries.

93.     The injuries, damages and losses sustained by Plaintiffs were caused, or increased in severity, as a result of Defendant's intentional, reckless and/or negligent misrepresentation

and/or its violation of § 402B of the Restatement (Second) of Torts, as adopted in this Commonwealth.

94.     Defendant designed, manufactured, distributed and sold its classic resistance band with padded grips with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

95.     The defective warnings and instructions caused Glenn Thorpe's injuries.

96.     As a result of the aforementioned, the Plaintiff, Glenn Thorpe, suffered injuries to, in and about his body, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair.

97.     Plaintiff will require future medical care for an indefinite time in the future.

98.     As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish, loss of life's pleasures, embarrassment and humiliation, and disfigurement, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

99.     As a result of the aforesaid accident, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

100.     As a result of the aforesaid accident, Plaintiff suffered a loss and depreciation of his earnings and earning potential and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss.

101.     As a result of the aforesaid accident, Plaintiff Glenn Thorpe has been compelled to spend various and diverse sums of money for medicine and medical care and treatment in and about an effort to cure himself of the ills and injuries which he has sustained, and he will continue to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Modell's Sporting Goods, Inc., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT VIII
## GLENN THORPE v. MODELL'S SPORTING GOODS, INC.
## BREACH OF WARRANTY

102.     Plaintiff incorporates herein by reference paragraphs one (1) through one hundred one (101) of this Complaint as if the same were set forth herein at length.

103.     Defendant, by reason of its above-described conduct, breached express and/or implied warranties, and is liable to Plaintiff for the injuries and/or damages sustained.

104.     As a direct and proximate result of Defendant's above-described breaches of express and/or implied warranties, Plaintiff was placed at an increased risk of sustaining serious and permanent injuries.

105.     As a result of the aforementioned, the Plaintiff, Glenn Thorpe, suffered injuries to, in and about his body, including, but not limited to, eye contusion, traumatic iritis and pigmentary glaucoma requiring surgical repair.

106.     Plaintiff will require future medical care for an indefinite time in the future.

20

107.    As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish, loss of life's pleasures, embarrassment and humiliation, and disfigurement, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

108.    As a result of the aforesaid accident, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

109.    As a result of the aforesaid accident, Plaintiff suffered a loss and depreciation of his earnings and earning potential and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss.

110.    As a result of the aforesaid accident, Plaintiff Glenn Thorpe has been compelled to spend various and diverse sums of money for medicine and medical care and treatment in and about an effort to cure himself of the ills and injuries which he has sustained, and he will continue to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff, Glenn Thorpe, demands judgment in his favor and against Defendant, Bollinger Sports, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT IX
## PATRICIA THORPE v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

111.    Plaintiff hereby incorporates by reference paragraphs one (1) through one hundred ten (110) of the within Complaint as though the same were fully set forth at length herein.

112.    As a further result of the incident described herein, Plaintiff, Patricia Thorpe, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Glenn Thorpe, to which she is legally entitled.

113.    As a further result of the incident described herein, Plaintiff, Patricia Thorpe, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendants' negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Patricia Thorpe, demands judgment in her favor and against Defendants, Bollinger Sports, LLC and Modell's Sporting Goods, Inc., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

                                        Respectfully,

                                        **SWARTZ CULLETON PC**

                        By:     /s/ Christopher J. Culleton
                                Christopher J. Culleton, Esquire
                                547 E. Washington Avenue
                                Newtown, PA 18940
                                T: (215) 550-6553
                                F: (215) 550-6557

                                Attorneys for Plaintiffs,
                                Glenn and Patricia Thorpe, H/W

Date:  July 14, 2014