**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GLENN THORPE and PATRICIA THORPE,** | |
| **Plaintiffs,** | **CIVIL ACTION** |
| **v.** | **NO. 14-04520** |
| **BOLLINGER SPORTS, LLC; MODELL'S SPORTING GOODS, INC.; BRG SPORTS, INC.; and BELL SPORTS, INC.,** | |
| **Defendants.** | |

PAPPERT, J.                                                     MAY 27, 2015
<u>**MEMORANDUM**</u>

   Plaintiff Glenn Thorpe allegedly suffered injuries to his eye while using a resistance band

manufactured and distributed by Bollinger Sports, LLC ("Bollinger"). The resistance band was

the subject of a recall by its previous manufacturer Bell Sports, Inc. ("Bell") in 2011. Thorpe

and his wife (collectively "Plaintiffs") seek leave to file an amended complaint pursuant to

Federal Rule of Civil Procedure 15(a)(2) to add a request for punitive damages against Bollinger.

For the reasons that follow, Plaintiffs' motion is granted in part.

<u>**Background**</u>

   In September 2011, Bell recalled the Embark resistance bands, and then continued to sell

the bands following the recall. (Am. Compl. ¶ 13, Doc. No. 11.) Bell sold the Embark

resistance band product line to Bollinger in 2012. (*Id.* ¶ 14.) Bell allegedly failed to disclose to

Bollinger that the Embark resistance bands had been recalled in 2011. (*Id.* ¶¶ 13, 15.) After the

sale, Bollinger "continued to sell the Embark resistance bands." (*Id.* ¶ 14.) Between January 12,

2010 and January 9, 2014 at least twenty five individuals suffered injuries as a result of the

allegedly defective resistance bands. (*Id.* ¶ 19.) Thorpe was injured on January 9, 2014 while using a resistance band. (*Id.* ¶ 11.) His injury occurred when "a component part of the product became dislodged and struck [him] in the eye." (*Id.* ¶ 21.)

Plaintiffs filed a complaint against Bollinger and Modell's Sporting Goods, Inc. ("Modell's") on July 18, 2014 alleging product liability claims sounding in strict liability and negligence as well as a claim for loss of consortium. (Doc. No. 1.) Plaintiffs amended their complaint on October 28, 2014, naming Bell and BRG Sports, Inc. as additional defendants. The amended complaint alleges claims for defective manufacture and/or design sounding in strict liability and negligence, misrepresentation sounding in strict liability, breach of express and implied warranties, and loss of consortium. Both Modell's and Bollinger answered the amended complaint and filed cross-claims against Bell. (Doc. Nos. 13, 14.) Bell answered Plaintiffs' claims on February 4, 2015, (Doc. No. 16), and responded to the cross-claims on March 12, 2015. (Doc. No. 23.) Bell then moved for judgment on the pleadings as to Plaintiffs' claims, (Doc. No. 24), and Plaintiffs replied. (Doc. No. 27.) Prior to the Court's disposition of Bell's motion, Plaintiffs filed this motion seeking leave to file an amended complaint to add a claim for punitive damages against Bollinger. (Doc. No. 30.) Bollinger opposed Plaintiffs' motion on May 11, 2015. (Doc. No. 32.) Bell then filed a second motion for judgment on the pleadings as to Bollinger and Modell's cross-claims. (Doc. No. 35.) Because Plaintiffs' motion, if granted, moots Bell's motions for judgment on the pleadings, the Court, in the interest of judicial economy, addresses this motion first.

**Discussion**

"[T]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has the discretion to deny a request to amend if (1) the moving

party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Delay "absent a concomitant showing of undue prejudice or bad faith" does not warrant the denial of a motion for leave to amend. *See Culbertson v. United States*, No. 14-cv-2044, 2015 WL 2341911, at *4 (M.D. Pa. May 13, 2015) (quoting *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993)). Amendment is futile if the amended complaint would not survive a motion to dismiss. *Id.* (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)). Finally, "[p]rejudice has been defined as 'undue difficulty in prosecuting a position as a result of a change in tactics or theories.'" *Id.* (quoting *Zygmuntowicz*, 151 F.R.D. at 55).

The proposed amended complaint adds the allegation that "Bollinger Sports, LLC knowingly and/or recklessly continued to sell the aforementioned recalled product following the purchase from Bell Defendants, and knew or should have known of the serious risk that such conduct posed to consumers, such as Plaintiff Glenn Thorpe, by virtue of the product's recall in September 2011" in support of their request for punitive damages in their claims alleged against Bollinger. (Mot. Leave to Amend Ex. 3, ¶ 17, Doc. No. 30.) Bollinger opposes the motion, contending only that the proposed amended complaint presents an incomplete and misleading history of the Bell-Bollinger transaction and falsely suggests that Bollinger sold the resistance bands after learning that the bands had been subject to a recall in 2011. (Opp'n Mot. Leave to Amend 5, Doc. No. 32.) Disagreement with the veracity of the allegations in a proposed amended complaint is not grounds for denying the motion.

The Court cannot conclude that Plaintiffs' requests for punitive damages in its negligence and strict liability claims against Bollinger are futile.[1]  "[A] plaintiff in a case sounding in negligence [may] undertak[e] the additional burden of attempting to prove, as a matter of damages, that the defendant's conduct was not only negligent but that the conduct was also outrageous, and warrants a response in the form of punitive damages."  *See Hutchinson* ex rel. *Hutchinson v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).  Similarly, "in product liability cases grounded in a theory of strict liability, it appears that a plaintiff may seek punitive as well as compensatory damages, although [the Pennsylvania] Supreme Court has not definitively so held."  *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983 (Pa. Super. Ct. 2005) *aff'd* 922 A.2d 890 (Pa. 2007) (per curiam).  Under either cause of action punitive damages are awarded "only in rare instances, to punish and deter outrageous, extreme, egregious behavior." *Id.*  Accordingly, a punitive damages claim must be supported by evidence sufficient to establish that the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and evidence that the defendant acted or failed to act in conscious disregard of that risk. *Luddy*, 870 A.2d at 772.  Thus, "the state of mind of the actor is vital.  The act, or failure to act, must be intentional, reckless or malicious." *Id.* at 770 (citations omitted).

Plaintiffs' proposed amendment asserts that Bollinger "knowingly and/or recklessly" continued to sell recalled resistance bands after purchasing the product line from Bell and Bollinger "knew or should have known" of the serious risks the continued sale posed to consumers based on the September 2011 recall.  (*See* Mot. Leave to Amend, Ex. 3, ¶ 17.)  These allegations, if proven, demonstrate a culpable mental state warranting the imposition of punitive damages. *See Cloud v. Electrolux Home Prods., Inc.*, No. 15-cv-00571, 2015 WL 2255247, at

---

[1]	Bollinger did not assert that the amendment would be prejudicial or that Plaintiffs unduly delayed their request to amend.

*3 (E.D. Pa. May 14, 2015) ("[T]aken as true, the Clouds' allegations of the product redesign, testing, and recall plausibly support a determination of heightened culpability to justify an award of punitive damages."); *Rapchak v. Freightliner Custom Chassis Corp.*, No. 13-cv-1307, 2013 WL 6668632, at *3 (W.D. Pa. Dec. 18, 2013) (denying motion to dismiss claim for punitive damages because plaintiffs averred that "Defendants designed, manufactured, and/or assembled a product which they knew or should have known was defective and posed grave danger to the user"). Thus amendment is not futile.

The Court, however, finds that Plaintiffs' request to seek punitive damages in their breach of warranty claim is futile. It is not clear whether Plaintiffs' breach of warranty claim arises under the UCC or Pennsylvania common law. At this juncture this lack of clarity is harmless because punitive damages are not available under either theory. *See Citizens Bank of Pa. v. Chevy Chase Bank*, No. 03-cv-5208, 2004 WL 875499, at *3 (E.D. Pa. Mar. 22, 2004) ("Punitive damages are not recoverable under the UCC for breach of warranty . . . . Furthermore, punitive damages are not recoverable under Pennsylvania common law for breach of warranty.") Plaintiffs' request to seek punitive damages pursuant to their breach of warranty claim is futile and thus denied. *See, e.g.*, *Bellefonte Area Sch. Dist. v. Modernfold Indus.*, 24 Pa. D & C. 3d 303, 310 (Pa. Ct. Com. Pls. Centre Cnty. 1981) (denying plaintiff's motion to amend complaint to add request for punitive damages in part because punitive damages are not available in breach of warranty claims).

## Conclusion

Because Defendant Bollinger has not articulated a legal basis upon which the Court should deny the motion and Plaintiffs' request for punitive damages with regard to their negligence and strict liability claims is not futile, the motion is granted in part. Plaintiffs may

file an amended complaint that is substantially similar to the one attached to their motion, but

that deletes the request for punitive damages from the wherefore clause following their breach of

warranty claim against Bollinger.

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.
